**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| IN RE:<br><br>**Lesley Jeneen Keeney,**<br>*aka Leslee Keeney*<br><br>     **Debtor(s).** | **CHAPTER 13**<br>**CASE NO.: 19-10204** |
| **MTGLQ INVESTORS, L.P.**<br>                    Movant,<br>v.<br><br>**Lesley Jeneen Keeney,**<br>*aka Leslee Keeney*<br><br>     **Debtor(s),**<br>**Truman Randall Keeney,**<br>     **Co-Debtor(s)**<br>**Robert S. Thomas, II,**<br>     **Trustee,**<br><br>              Respondents. | **FILED PURSUANT TO 11 U.S.C**<br>**SECTIONS 362 and 1301** |

## MOTION SEEKING RELIEF FROM STAY AND CO-DEBTOR STAY REGARDING PROPERTY AT 8939 HAWBOTTOM RD, MIDDLETON, MD 21769

Comes now MTGLQ INVESTORS, L.P., ("Movant"), by Counsel, and moves this

Honorable United States Bankruptcy Court for relief from the stay imposed by 11 U.S.C. Section

362(a) and 1301, and in support thereof, states as follows:

1.     That this Motion is filed pursuant to 11 U.S.C. Section 362(d), 1301, and Rules 4001

and 9014 of the Bankruptcy Rules, as hereinafter shall more fully appear.

2.     On November 20, 2009, Debtor Lesley Jeneen Keeney aka Leslee Keeney and Co-

Debtor Truman Randall Keeney executed and delivered a Promissory Note ("Note") and

Deed of Trust ("Mortgage") securing payment of the Note in the amount of $351,037.00

to Bank Of America, N.A.. The Mortgage was recorded on December 4, 2009, in Book 1628 at Page 193, in the Public Records of Frederick County, Maryland, with Recontrust Company N.A. as trustee**.** The loan was transferred to Movant. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with indorsements (if any), recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek the lifting of the automatic stay and to foreclose, if necessary.

**3.**     Co-Debtor(s), Truman Randall Keeney, are liable on and/or has secured the aforementioned debt with the Co-Debtor(s)' interest in the real property.

4.     The Mortgage provides Secured Creditor a lien on the real property located in Frederick County, Maryland, and legally described as:

> All that parcel of land known as New Lot 1, containing 32.395 acres of land, more or less, as shown on plat entitled "Addition Plat-Correction Plat, Keeney (T.M. Parcel 189) a.k.a. Parcels C & D (Plat Book 64 page 198), Addition to — Lot 1, Section One, "Hawhill Estates Subdivision" (previously recorded in Plat Book 64 at page 198) and Addition to Lot 1, Section One "Pine Ridge Estate" (previously recorded in Plat Book 66 at Page 30), as per Plat thereof recorded in Plat Book 81 at Page 132, one of the Plat Records of Frederick County, Maryland.

This property is located at the street address of: 8939 HAWBOTTOM RD, MIDDLETON, MD 21769 - (the "Property").

5.     The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since February 1, 2019 with arrears in the amount of $7,641.48 as of April 29, 2019.  A copy of the breakdown of post-petition arrears is attached hereto as **Exhibit "B".**

6.      According to Frederick County Assessor's Office, the value of the property is $470,300.00 as of 01/01/2018.   A copy is attached hereto as **Exhibit "C",** which is permissible as a property valuation under Fed. R. Evid. 803(8).  The payoff as of April 29, 2019 is $574,637.91. See **Exhibit "B".**  There is little or no equity in the property. That in the event of a forced sale, there would not be any excess equity after payment of the administrative costs of sale, the liens on the property, any exemptions of the Debtor(s) and any co-obligor share for the benefit of other creditors of the estate and, therefore cause exists for the lifting of the stay.

7.      Based upon the Debtor(s)' Chapter 13 Plan (Docket No. 6), the property is treated outside the plan and Secured Creditor will receive payments directly.

8.      Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' and Co-Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9.      If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10.      Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) and 11 U.S.C. § 1301 of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.  The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay

pursuant to §362(d)(2) and 11 U.S.C. § 1301 of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11.    Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12.    Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage.  Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)  and 11 U.S.C. § 1301 so that the undersigned may proceed to enforce its security interest in the subject property by: (i) instituting or continuing foreclosure proceedings against the subject property in state court, (ii) allowing it to take such other actions with respect to the subject property as are set forth under applicable non-bankruptcy law, (iii) allowing the successful purchaser at the foreclosure sale to obtain possession of the subject property, (iv) relieving it, its successors and/or assigns from any further filing requirements pursuant to Fed. R. Bankr. P. 3002.1(b)-(c) if the stay is ultimately and unconditionally lifted or terminated, (v) that the Order be binding and effective upon the Debtor despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and (vi) the fourteen (14) day appeal period shall be waived.

## <u>NOTICE OF INTENT TO SUBMIT BUSINESS RECORDS</u>

The Movant will submit business records as evidence at any scheduled hearing, as allowed under Fed. R. Bankr. P. 9017 and FRE 902(11). These business records and the declaration of their maintenance as business records are available for inspection by the adverse party upon demand.

Dated:  6/21/19

/s/ David A. Rosen
David A. Rosen
MD Federal Bar No. 14583
RAS Crane, LLC
11900 Parklawn Drive, Suite 310
Rockville, MD 20852
Phone: (844) 442-2150, ext. 242
Fax (240) 238-2767
Email: darosen@rascrane.com
Attorney for Movant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 21, 2019, a copy of the Motion for Relief from Stay has been served upon the following necessary parties in interest, via first class mail postage prepaid to:

Lesley Jeneen Keeney
2406 Love Point Rd
Stevensville, MD 21666

Truman Randall Keeney
8939 Hawbottom Rd
Middletown, MD 21769

And via electronic mail to:

Morgan William Fisher
Law Offices of Morgan Fisher LLC
1125 West St., Suite 227
Annapolis, MD 21401

Robert S. Thomas, II
300 E Joppa Road, Suite 409
Towson, MD 21286

DATE: 06/21/2019

By: /s/ David A. Rosen
David A. Rosen
MD Federal Bar No. 14583
RAS Crane, LLC
11900 Parklawn Drive, Suite 310
Rockville, MD 20852
Phone: (844) 442-2150, ext. 242
Fax (240) 238-2767
Email: darosen@rascrane.com
Attorney for Movant

# COMPOSITE EXHIBIT "A"

CRPRDNRBS46b        12/13/2011 3:21:14 PM  PAGE   1/118     888-294-5658

Prepared by: KRISTEN R. MOORE                        

**Multistate**              # NOTE

LOAN #: ▓▓▓▓▓▓▓              | FHA Case No.                    |
                            | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |

NOVEMBER 20, 2009
[Date]

8939 HAWBOTTOM RD, MIDDLETOWN, MD 21769-9310
[Property Address]

### 1.   PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means BANK OF AMERICA, N.A.
and its successors and assigns.

### 2.   BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of
THREE HUNDRED FIFTY ONE THOUSAND THIRTY SEVEN and 00/100

Dollars (U.S. $351,037.00        ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE & ONE-QUARTER        percent (   5.250 %) per year until the full amount of principal has been paid.

### 3.   PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a Mortgage, Deed of Trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4.   MANNER OF PAYMENT
(A)   Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on JANUARY 01, 2010        . Any principal and interest remaining on the first day of DECEMBER, 2039    , will be due on that date, which is called the "Maturity Date."
(B)   Place
Payment shall be made at
P.O. Box 660694, Dallas, TX 75266-0694
or at such place as Lender may designate in writing by notice to Borrower.
(C)   Amount
Each monthly payment of principal and interest will be in the amount of U.S. $1,938.44        . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
(D)   Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐  Graduated Payment Allonge    ☐  Growing Equity Allonge    ☐  Other [specify]

### 5.   BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6.   BORROWER'S FAILURE TO PAY
(A)   Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR        percent (   4.000 %) of the overdue amount of each payment .

(B)   Default
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of

FHA Fixed Rate Note
2001R-XX (02/08)(d/i)                       Page 1 of 2                       FHA Multistate Fixed Rate Note - 10/95





CRPRDNRBS46b      12/13/2011 3:21:14 PM   PAGE   3/118    888-294-5658

CASE #                                                                                      LOAN #:
payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.   WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ _____ (Seal)
TRUMAN  RANDALL  KEENEY                        -Borrower

_____ _____ (Seal)
LESLEE  KEENEY                                 -Borrower

**PAY TO THE ORDER OF**                 _____ _____ (Seal)
                                                                     -Borrower
**WITHOUT RECOURSE**
**BANK OF AMERICA, N.A.**

BY_____       _____ _____ (Seal)
        MICHELE SJOLANDER                                           -Borrower
        SENIOR VICE PRESIDENT

CRPRDNRBS46b          12/13/2011 3:21:14 PM   PAGE    4/118    888-294-5658



BK T 6 2 8 PG 0 1 9 3



Frederick County, Maryland
Recordation Tax Paid $ ___
DATE: ___
PER: ___

Return To:
BANK OF AMERICA, N.A.
ReconTrust Co./TX2-979-01-07
P.O. Box 619003
Dallas, TX 75261-9003

AFTER RECORDING RETURN TO:
OLDE TOWNE TITLE
5900 FREDERICK CROSSING LANE
FREDERICK, MD 21704
FILE NO:
Title Insurer, FATIC

Tax ID No: ___

[Space Above This Line For Recording Data]

FD CERE $        20.00
RECORDING FEE     20.00
TOTAL             40.00
2009133946261100060000
MERS PHONE ID N 9 38055
SKD      WI     BLK  729
Dec 04, 2009        10:45 PL

State of Maryland

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on NOVEMBER 20, 2009        . The Grantor is
TRUMAN RANDALL KEENEY, AND LESLEE KEENEY, HUSBAND AND WIFE AS TENANTS BY THE
ENTIRETY

("Borrower"). The trustee is
RECONTRUST COMPANY, N.A.
225 WEST HILLCREST DRIVE MSN TO-02, THOUSAND OAKS, CA 91360
("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender,
as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware,
and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
BANK OF AMERICA, N.A.

("Lender") is organized and existing under the laws of THE UNITED STATES        , and has an address of
101 South Tryon Street, Charlotte, NC 28255
Borrower owes Lender the principal sum of
THREE HUNDRED FIFTY ONE THOUSAND THIRTY SEVEN and 00/100

Dollars (U.S. $ 351,037.00        ). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
DECEMBER 01, 2039        . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by
the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with
interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of
Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower
irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in
FREDERICK        County, Maryland:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number

FHA Maryland Deed of Trust with MERS – 4/96

MERS FHA Deed of Trust-MD
2004N-MD (11/07)(d/i)

Page 1 of 6

Amended 2/96



which has the address of

8939 HAWBOTTOM RD, MIDDLETOWN
[Street, City]

Maryland 21769-9310   ("Property Address");
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:
UNIFORM COVENANTS.

1.   Payment of Principal, Interest and Late Charge.  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2.   Monthly Payment of Taxes, Insurance and Other Charges.  Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4.  In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either:  (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary.  Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA.  If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument.  If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower.  Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.   Application of Payments.  All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4.   Fire, Flood and Other Hazard Insurance.  Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance.  This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary.  All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail.  Lender may make proof of loss if not made promptly by Borrower.  Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly.  All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or

postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.    Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6.    Condemnation.  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7.    Charges to Borrower and Protection of Lender's Rights in the Property.  Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower:  (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8.    Fees.  Lender may collect fees and charges authorized by the Secretary.

9.    Grounds for Acceleration of Debt.

(a)  Default.  Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)   Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b)  Sale Without Credit Approval.  Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)   The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c)  No Waiver.  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d)  Regulations of HUD Secretary.  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e)  Mortgage Not Insured.  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof,

MERS FHA Deed of Trust-MD
2004N-MD (11/07)                                                                                    Page 3 of 6

'BK 1 6 2 8 PG 0 1 9 6

Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** To the extent permitted by applicable law, Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

MERS FHA Deed of Trust-MD
2004N-MD (11/07)                                                    Page 4 of 6

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall mail or cause Trustee to mail a notice of sale to Borrower in the manner prescribed by applicable law. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, Trustee's fees of    5.000 % of the gross sale price and reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

Borrower, in accordance with Subtitle W of the Maryland Rules of Procedure, does hereby declare and assent to the passage of a decree to sell the Property in one or more parcels by the equity court having jurisdiction for the sale of the Property, and consents to the granting to any trustee appointed by the assent to decree of all the rights, powers and remedies granted to the Trustee in this Security Instrument together with any and all rights, powers and remedies granted by the decree. Neither the assent to decree nor the power of sale granted in this paragraph 18 shall be exhausted in the event the proceeding is dismissed before the payment in full of all sums secured by this Security Instrument.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender or Trustee shall release this Security Instrument without charge to Borrower and mark the Note "paid" and return the Note to Borrower. Borrower shall pay any recordation costs.

20. **Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the city or county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

21. **Possession of the Property.** Borrower shall have possession of the Property until Lender has given Borrower notice of default pursuant to paragraph 18 of this Security Instrument.

22. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider            ☐ Growing Equity Rider            ☐ Other [specify]
☐ Planned Unit Development Rider  ☐ Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
TRUMAN RANDALL KEENEY                - Borrower

_____ (Seal)
LESLIE KEENEY                        - Borrower

_____ (Seal)
                                     - Borrower

_____ (Seal)
                                     - Borrower

MERS FHA Deed of Trust-MD
2004N-MD (11/07)                 Page 5 of 6

BK 7628 PG 0198

STATE OF MARYLAND,                                                                           County ss:
    I Hereby Certify, That on this _20th_ day of _November, 2009_, before me, the
subscriber, a Notary Public of the State of Maryland, in and for the _County of Montgomery_
personally appeared _Truman Randall Keeney and Leslee_
_Keeney_

known to me or satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledge that he/she/they executed the same for the purposes therein contained.
    AS WITNESS my hand and notarial seal.

My Commission Expires                    WILLIAM VAN HORN
                                         Notary Public, State of Maryland
                                         County of Montgomery   Notary Public
                                         My Commission Expires July 21, 2010

STATE OF _Maryland_,        _Frederick_
    I Hereby Certify, That on this _20th_ day of _November_ _2009_,    County ss:
before me, the subscriber, a Notary Public of the State of _Maryland_ and for the
_County aforesaid_, personally appeared _William Van Horn_

the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration
recited in said Deed of Trust is true and bona fide as therein set forth and that the actual sum of money advanced at the
closing transaction by the secured party was paid over and disbursed by the party or parties secured by the Deed of Trust
to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent
at a time not later than the execution and delivery by the Borrower of this Deed of Trust; and also made oath that he is the
agent of the party or parties secured and is duly authorized to make this affidavit.
WITNESS: my hand and notarial seal.

My Commission Expires: _4/1/10_           _Sandra Golde_
                                          Notary Public

_____ that the within instrument was prepared
by _____ to the instrument.

                                          _Kristen R. Moore_
                                          KRISTEN R. MOORE
                                          Loan Processor

MERS FHA Deed of Trust-MD
2004N-MD (11/07)                          Page 6 of 6

BK 1 6 2 8 PG 0 1 9 9

All that parcel of land known as New Lot 1, containing 32.395 acres of land, more or less, as shown on plat entitled "Addition Plat-Correction Plat, Keeney (T.M. Parcel 189) a.k.a. Parcels C & D (Plat Book 64 page 198), Addition to – Lot 1, Section One, "Hawhill Estates Subdivision" (previously recorded in Plat Book 64 at page 198) and Addition to Lot 1, Section One "Pine Ridge Estate" (previously recorded in Plat Book 66 at Page 30), as per Plat thereof recorded in Plat Book 81 at Page 132, one of the Plat Records of Frederick County, Maryland.

TAX ID NO █████████████
██████████████

BK 8 5 5 7 PG 0 1 6 9

Recording Requested By:
**Bank of America**
Prepared By: Diana DeAvila
**888-603-9011**
When recorded mail to:
**CoreLogic**
**450 E. Boundary St.**
**Attn: Release Dept.**
Chapin, SC 29036

Tax ID:
Property Address:
**8939 Hawbottom Rd**
**Middletown, MD 21769-9310**

9/20/2011                                    This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3300 S.W. 34TH AVENUE, SUITE 101 OCALA, FL 34474 does hereby grant, sell, assign, transfer and convey unto **BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME  LOANS SERVICING, LP** whose address is 400 NATIONAL WAY, SIMI VALLEY, CA 93065
 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | **BANK OF AMERICA, N.A.** |
| Made By: | **TRUMAN RANDALL KEENEY, AND LESLEE KEENEY, HUSBAND AND WIFE AS TENANTS BY THE ENTIRETY** |
| Original Trustee: | **RECONTRUST COMPANY, N.A.** |
| Date of Deed of Trust: 11/20/2009 | Original Loan Amount: $351,037.00 |

Recorded in Frederick County, MD on: 12/4/2009, book 7628, page 0193 and instrument number N/A

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
9/31/11

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _Swarupa Slee_
**Swarupa Slee, As sistant Secretary**

State of **California**
County of **Ventura**

On 9/31/11 before me, _Desiree Carson_, Notary Public, personally appeared Swarupa Slee, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

_____                    (Seal)
Notary Public: _____
My Commission Expires: _____

> DESIREE CARSON
> Commission # 1873687
> Notary Public - California
> Ventura County
> My Comm. Expires Dec 19, 2013

000011111    KEENEY    T

Recording Requested By:
**Bank of America, N.A.**
Prepared By: **Ralph Flores**
800-444-4302

When recorded mail to:
**Richmond Monroe Group, Inc**
**Attn: Toni Eutsler**
**PO Box 458**
Kimberling City, MO 65686
████████████████████

Tax ID: ██████████████
Property Address:
**8939 Hawbottom Rd.**
**Middletown, MD 21769-9310**
████████████ /4/2 ███

This space for Recorder's use

## █████████████ ASSIGNMENT OF DEED OF TRUST   Record 1st

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **SECRETARY OF HOUSING AND URBAN DEVELOPMENT** whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR BANK OF AMERICA, N.A., ITS SUCCESSORS AND ASSIGNS**

Made By: **TRUMAN RANDALL KEENEY, AND LESLEE KEENEY, HUSBAND AND WIFE AS TENANTS BY THE ENTIRETY**

Original Trustee: **RECONTRUST COMPANY, N.A.**

Date of Deed of Trust: **11/20/2009**   Original Loan Amount: **$351,037.00**

Recorded in **Frederick County, MD** on: 12/4/2009, book 7628, page 0193 and instrument number N/A

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on __**APR 0 8 2014**__

**BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP**

By: _Smayo_____
  Shannon Mayfield
  Assistant Vice President

State of California
County of Los Angeles

On **APR 0 8 2014** before me, **Shannon Steeg**, Notary Public, personally appeared **Shannon Mayfield**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

| | |
|---|---|
| IMP FD SURE $ | 40.00 |
| RECORDING FEE | 20.00 |
| TOTAL | 60.00 |
| | Rcpt # 96563 |
| | Blk # 1458 |
| | 11:45 am |

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _Shannon Steeg_____
My Commission Expires: May 17, 2017   (Seal)

SHANNON STEEG
Commission # 2021493
Notary Public - California
Los Angeles County
My Comm. Expires May 17, 2017

FREDERICK COUNTY CIRCUIT COURT (Land Records) SKD 10207, p. 0131, MSA_CE61_10053. Date available 09/19/2014. Printed 10/27/2014.

FREDERICK COUNTY CIRCUIT COURT (Land Records) SKD 10207, p. 0132, MSA_CE61_10053. Date available 09/19/2014. Printed 10/27/2014.

Recording Requested By:
**Bank of America, N.A.**
Prepared By: **Marivel Castro**

When recorded mail to:
**Richmond Monroe Group, Inc**
**Attn: Toni Eutsler**
**PO Box 458**
**Kimberling City, MO 65686**

Tax ID:

Property Address:
**8939 Hawbottom Rd**
**Middletown, MD 21769-9310**

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST          **Record 2nd**

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** does hereby grant, sell, assign, transfer and convey unto **DC RESIDENTIAL IV LOAN ACQUISITION VENTURE, L.P.**
**C/O OAKTREE CAPITAL MANAGEMENT, L.P.** whose address is **333 SOUTH GRAND AVE., 28TH FLOOR**
**LOS ANGELES, CA 90071** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Beneficiary: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR BANK OF AMERICA, N.A., ITS SUCCESSORS AND ASSIGNS** |
| Made By: | **TRUMAN RANDALL KEENEY, AND LESLEE KEENEY, HUSBAND AND WIFE AS TENANTS BY THE ENTIRETY** |
| Original Trustee: | **RECONTRUST COMPANY, N.A.** |
| Date of Deed of Trust: | **11/20/2009**        Original Loan Amount: **$351,037.00** |

Recorded in **Frederick County, MD** on: **12/4/2009**, book **7628**, page **0193** and instrument number N/A.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
4/29/14

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT HEREBY APPOINTS DC
RESIDENTIAL IV LOAN ACQUISITION VENTURE,
L.P. AS ITS TRUE AND LAWFUL ATTORNEY IN
FACT

By: _____
*NEIL SPAGNA*
*AUTHORIZED SIGNATORY*

State of CT
County of Fairfield

On 4/29/14 before me, Austin Scott Werner, a Notary Public, personally appeared Neil Spagna, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public: Austin Scott Werner          (Seal)
My Commission Expires: 7/31/18

**AUSTIN SCOTT WERNER**
**Notary Public**
**Connecticut**
**My Commission Expires Jul 31, 2018**

INT FD SURE $        40.00
RECORDING FEE        20.00
TOTAL              60.00

RES FEE      Rcpt # 56504
SKD     BF   Blk # 1460
      MAY 2014    11:45 am

FREDERICK COUNTY CIRCUIT COURT (Land Records) SKD 10207, p. 0133, MSA_CE61_10053. Date available 09/19/2014. Date printed 10/27/2014.

Recording Requested By:
RICHMOND MONROE GROUP

When Recorded Return To:

TONI EUTSLER/2
RICHMOND MONROE GROUP
P.O. BOX 458
KIMBERLING CITY, MO 65686

### CORPORATE ASSIGNMENT OF MORTGAGE/DEED OF TRUST
"KEENEY"

**Record 3rd**

Assignment Prepared on: August 20th, 2014.

Assignor: DC RESIDENTIAL IV LOAN ACQUISITION VENTURE, L.P. at 1063 Post Road, 2nd Floor, Darien, CT 06820.
Assignee: DC RESIDENTIAL IV PORTFOLIO PRIVATE OWNER, LLC at 1063 POST ROAD, 2ND FLOOR, DARIEN, CT 06820.

Executed By: TRUMAN RANDALL KEENEY, AND LESLEE KEENEY, HUSBAND AND WIFE AS TENANTS BY THE ENTIRETY To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BANK OF AMERICA, N.A., ITS SUCCESSORS AND ASSIGNS
Date of Deed of Trust: 11/20/2009 Recorded: 12/04/2009 in Book/Reel/Liber: 7628 Page/Folio: 0193 as Instrument No.: N/A In Frederick, Maryland.

Property Address: 8939 HAWBOTTOM RD, MIDDLETOWN, MD 21769-9310

   KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above-named assignee, the said Mortgage/Deed of Trust/Security Deed (Security Instrument) having an original principal sum of $351,037.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Security Instrument.

   TO HAVE AND TO HOLD the said Security Instrument, and also the said property unto the said assignee forever, subject to the terms contained in said Security Instrument.

   IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

DC RESIDENTIAL IV LOAN ACQUISITION VENTURE, L.P.
On August 20th, 2014
By: _____ 9/4/14
   NEIL SPAGNA
   AUTHORIZED SIGNATORY

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
                        MALINTHA OSHAN              LOS ANGELES
On SEP 4, 2014, before me, WICKRAMANAYAKE, a Notary Public in and for _____ COUNTY _____ in the
State of CALIFORNIA, personally appeared NEIL SPAGNA, AUTHORIZED SIGNATORY
_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal,

Notary Expires: AUG 17, 2017

(This area for notarial seal)

```
IMP FD SURE $      40.00
RECORDING FEE      20.00
TOTAL              60.00
Rcst FR02   Rcpt $ 98505
SKD    BF    Blk # 1462
Sep 16, 2014      11:46 am
```



MALINTHA OSHAN WICKRAMANAYAKE
Commission # 2037426
Notary Public - California
Los Angeles County
My Comm. Expires Aug 17, 2017

Recording Requested By:
RICHMOND MONROE GROUP

When Recorded Return To:

TONI EUTSLER/2
RICHMOND MONROE GROUP
P.O. BOX 458
KIMBERLING CITY, MO 65686

### CORPORATE ASSIGNMENT OF MORTGAGE/DEED OF TRUST

**Record 4th**

Assignment Prepared on: April 30th, 2014.

Assignor: DC RESIDENTIAL IV PORTFOLIO PRIVATE OWNER, LLC at 1063 Post Road, 2nd Floor, Darien, CT 06820.
Assignee: CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR SUNSET MORTGAGE LOAN TRUST, SERIES 2014-2 at 500 Delaware Ave, 11th Floor, Wilmington, DE 19801.

Executed By: TRUMAN RANDALL KEENEY, AND LESLEE KEENEY, HUSBAND AND WIFE AS TENANTS BY THE ENTIRETY To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BANK OF AMERICA, N.A., ITS SUCCESSORS AND ASSIGNS
Date of Deed of Trust: 11/20/2009 Recorded: 12/04/2009 in Book/Reel/Liber: 7628 Page/Folio: 0193 as Instrument No.: N/A In Frederick, Maryland.

Property Address: 8939 HAWBOTTOM RD, MIDDLETOWN, MD 21769-9310

   KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above-named assignee, the said Mortgage/Deed of Trust/Security Deed (Security Instrument) having an original principal sum of $351,037.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Security Instrument.

   TO HAVE AND TO HOLD the said Security Instrument, and also the said property unto the said assignee forever, subject to the terms contained in said Security Instrument.

   IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

DC RESIDENTIAL IV PORTFOLIO PRIVATE OWNER, LLC
On April 30th, 2014

By:
Neil Spagna, Authorized Signatory

STATE OF CONNECTICUT
COUNTY OF FAIRFIELD TOWN

On 4/30/14 , before me, Austin Scott Werner, a Notary Public in and for FAIRFIELD TOWN, in the State of CONNECTICUT, personally appeared Neil Spagna, Authorized Signatory, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Connecticut that the foregoing paragraph is true and correct.

WITNESS my hand and official seal,

Austin Scott Werner
Notary Expires: 07/31/2018 #164781

IMP FD SURE $        40.00
RECORDING FEE        20.00
TOTAL                60.00
Rest FR02    Rcpt # 96506
SKD     BF    Blk # 1464
                   11:47 am

(This area for notarial seal)

```
AUSTIN SCOTT WERNER
Notary Public
Connecticut
My Commission Expires Jul 31, 2018
```

# EXHIBIT "B"



## Loan Information

| | | | |
|---|---|---|---|
| **Loan Number:** | ███████ | **Origination Date:** | 11/20/2009 |
| **Loan Type:** | Conventional | **Acquisition Date:** | 4/1/2014 |
| **Investor:** | MTGLQ Investors, LP | **Maturity Date:** | 12/1/2039 |
| **MI Company:** | | **Is Insured:** | No |
| **Due Date:** | 11/1/2010 | | |

## Property & Borrower Information

| | | | |
|---|---|---|---|
| **Borrower Name:** | TRUMAN RANDALL KEENEY | **Co-Borrower Name:** | LESLEE KEENEY |
| **Borrower SSN:** | ███████ | **Co-Borrower SSN:** | ███████ |
| **Prop Address:** | 8939 HAWBOTTOM RD | **Prop Type:** | Single Family Residence |
| | MIDDLETOWN, MD 21769 | **Inspection Date:** | 1/7/2019 |
| **Mailing Address:** | 8939 HAWBOTTOM RD | **Occupancy Status:** | Owner Occupied |
| | MIDDLETOWN, MD 21769 | **Represented by Attorney:** | Yes |
| **Additional Borrowers/Non-Obligors** | | | |

## Debt Breakdown - Payoff

| | | | |
|---|---|---|---|
| **Good to Date:** | 4/29/2019 | **Escrow Balance:** | 0.00 |
| **Principal Balance:** | 346,667.12 | **Suspense Balance:** | 0.00 |
| **Deferred Principal Balance:** | 0.00 | **Restricted Escrow Balance:** | 0.00 |
| **Delinquent Interest:** | 144,823.65 | **Per Diem Amount:** | 42.09 |
| **Escrow Advance:** | 63,145.48 | | |
| **Corporate Advance Balance:** | 19,370.14 | | |
| **Late Fees:** | 581.52 | | |
| **Pending Taxes:** | 0.00 | | |
| **Pending Hazard:** | 0.00 | | |
| **Pending MI:** | 0.00 | | |
| **Recording Fee:** | 50.00 | | |
| **Total Debt:** | **574,637.91** | | |

## Bankruptcy Information

| | | | |
|---|---|---|---|
| **BK Case #** | 19-10204 | **BK Notice Rec'd Date:** | |
| **BK Chapter:** | 13 | **BK Setup Date:** | 1/11/2019 |
| **BK Filing Date:** | 1/6/2019 | **Creditor Meeting Date:** | 2/11/2019 |
| **Filing State:** | MD | **POC Bar:** | 3/18/2019 |
| **BK Post petition Due Date:** | 2/1/2019 | **POC Filed Date:** | 3/6/2019 |
| | | **POC Amount:** | 273,135.94 |

## Attorney Info

| | | | |
|---|---|---|---|
| **Trustee Attorney:** | ROBERT S. THOMAS, II | **FC Attorney:** | Hofmeister Breza & Leavers |
| **Debtor Attorney:** | Morgan William Fisher | **FC Sale Date Scheduled:** | |
| **Region Code:** | BALTIMORE | | |
| **BK Court Code:** | | | |



## Reinstatement Quotes

| Based on contractual due date | | Based on post petition due date | |
|---|---|---|---|
| **Good thru date** | 4/29/2019 | **Good thru date** | 4/29/2019 |
| **Due Date** | 11/1/2010 | **Post Petition Due Date** | 2/1/2019 |
| **Missed Payments** | 262,684.42 | **Missed Payments** | 4,859.64 |
| **Late Charge Fees** | 581.52 | **Late Charge Fees** | |
| **Corporate Advance** | 2,498.41 | **Corporate Advance** | 0.00 |
| **Escrow Advance** | 0.00 | **Post Petition Suspense Balance** | 0.00 |
| **Suspense** | 0.00 | | |
| **Total Reinstatement** | **282,636.08** | **Total Reinstatement** | **4,859.64** |



## Payment Information

| | | | |
|---|---|---|---|
| UPB Amount: | 346,667.12 | Due Date: | 11/1/2010 |
| Total Monthly Payment: | 2,035.94 | Interest Rate: | 5.2500% |
| P&I Amount: | 1,938.44 | Term: | 360 |
| Escrow Amount: | 97.50 | Original Loan Amount: | 351,037.00 |
| Payment Frequency: | 12 | | |
| Deferred Amount: | 0.00 | | |
| Missed Payment Due Date Term: | 11/1/2010 - 4/1/2019 | | |

## Missed Payments Breakdown

| Date Range | P&I Amount | T&I Amount | PITI Amount | # missed payments | Missed Payment Total Amount |
|---|---|---|---|---|---|
| 11/1/2010 - 11/1/2014 | 1,938.44 | 97.50 | 2,035.94 | 49 | 99,761.06 |
| 12/1/2014 - 1/1/2015 | 1,938.44 | 565.15 | 2,503.59 | 2 | 5,007.18 |
| 2/1/2015 - 3/1/2015 | 1,938.44 | 3,014.95 | 4,953.39 | 2 | 9,906.78 |
| 4/1/2015 - 11/1/2015 | 1,938.44 | 2,607.87 | 4,546.31 | 8 | 36,370.48 |
| 12/1/2015 - 11/1/2016 | 1,938.44 | 1,256.53 | 3,194.97 | 12 | 38,339.64 |
| 12/1/2016 - 11/1/2018 | 1,938.44 | 575.26 | 2,513.70 | 24 | 60,328.80 |
| 12/1/2018 - 1/1/2019 | 1,938.44 | 726.06 | 2,664.50 | 2 | 5,329.00 |
| 2/1/2019 - 4/1/2019 | 1,938.44 | 608.72 | 2,547.16 | 3 | 7,641.48 |
| **Total Missed Payments** | | | | **102** | **262,684.42** |

## Payment Change History

| Effective Date | Principal & Interest Amt | Taxes & Insurance Amt | Total Payment | Interest Rate | Change Reason |
|---|---|---|---|---|---|
| 12/1/2019 | 1,938.44 | 489.21 | 2427.65 | 5.2500% | |
| 2/1/2019 | 1,938.44 | 608.72 | 2547.16 | 5.2500% | |
| 12/1/2018 | 1,938.44 | 726.06 | 2664.50 | 5.2500% | |
| 12/1/2016 | 1,938.44 | 575.26 | 2513.70 | 5.2500% | |
| 12/1/2015 | 1,938.44 | 1,256.53 | 3194.97 | 5.2500% | |
| 4/1/2015 | 1,938.44 | 2,607.87 | 4546.31 | 5.2500% | |
| 2/1/2015 | 1,938.44 | 3,014.95 | 4953.39 | 5.2500% | |
| 12/1/2014 | 1,938.44 | 565.15 | 2503.59 | 5.2500% | |
| 11/1/2010 | 1,938.44 | 97.50 | 2035.94 | 5.2500% | |

## Payment & Escrow Breakdown

| Tran Date | Due Date | Tran Description | Total Amount | Principal Amt | Interest Amt | Escrow Amt | Suspense Amt | NSF | UPB | Deferred UPB | Escrow Balance | Escrow Advance Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/16/19 | 11/1/10 | Bal Field Adjust | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 63,145.48 |
| 12/14/18 | 11/1/10 | County Tax | -2,838.64 | 0.00 | 0.00 | -2,838.64 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 63,145.48 |
| 12/14/18 | 11/1/10 | Escrow Adv Movement | 2,838.64 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 63,145.48 |
| 12/8/18 | 11/1/10 | Escrow Adv Movement | 1,587.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 60,306.84 |
| 12/8/18 | 11/1/10 | Hazard Ins | -1,587.00 | 0.00 | 0.00 | -1,587.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 60,306.84 |
| 7/11/18 | 11/1/10 | Escrow Adv Movement | 2,879.04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 58,719.84 |
| 7/11/18 | 11/1/10 | County Tax | -2,879.04 | 0.00 | 0.00 | -2,879.04 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 58,719.84 |
| 1/3/18 | 11/1/10 | Hazard Ins | -1,532.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 55,840.80 |
| 1/3/18 | 11/1/10 | Escrow Adv Movement | 1,532.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 55,840.80 |
| 12/19/17 | 11/1/10 | County Tax | -2,867.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 54,308.80 |
| 12/19/17 | 11/1/10 | Escrow Adv Movement | 2,867.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 54,308.80 |
| 7/24/17 | 11/1/10 | Escrow Adv Movement | 2,906.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 51,441.20 |
| 7/24/17 | 11/1/10 | County Tax | -2,906.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 51,441.20 |
| 2/24/17 | 11/1/10 | Escrow Adv Movement | 5,623.34 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 48,534.28 |
| 2/24/17 | 11/1/10 | County Tax | -2,750.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 48,534.28 |



## Payment & Escrow Breakdown

| Tran Date | Due Date | Tran Description | Total Amount | Principal Amt | Interest Amt | Escrow Amt | Suspense Amt | NSF | UPB | Deferred UPB | Escrow Balance | Escrow Advance Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/24/17 | 11/1/10 | County Tax | -2,873.24 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 48,534.28 |
| 1/4/17 | 11/1/10 | Escrow Adv Movement | 1,802.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 42,910.94 |
| 1/4/17 | 11/1/10 | Hazard Ins | -1,802.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 42,910.94 |
| 1/4/16 | 11/1/10 | Hazard Ins | -1,399.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 41,108.94 |
| 1/4/16 | 11/1/10 | Escrow Adv Movement | 1,399.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 41,108.94 |
| 12/14/15 | 11/1/10 | Escrow Adv Movement | 2,797.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 39,709.94 |
| 12/14/15 | 11/1/10 | County Tax | -2,797.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 39,709.94 |
| 7/13/15 | 11/1/10 | Escrow Adv Movement | 2,839.55 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 36,912.34 |
| 7/13/15 | 11/1/10 | County Tax | -2,839.55 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 36,912.34 |
| 1/6/15 | 11/1/10 | Hazard Ins | -1,301.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 34,072.79 |
| 1/6/15 | 11/1/10 | Escrow Adv Movement | 1,301.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 34,072.79 |
| 11/26/14 | 11/1/10 | Escrow Adv Movement | 2,762.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 32,771.79 |
| 11/26/14 | 11/1/10 | County Tax | -2,762.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 32,771.79 |
| 6/27/14 | 11/1/10 | County Tax | -2,805.87 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 30,009.21 |
| 6/27/14 | 11/1/10 | Escrow Adv Movement | 2,805.87 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 30,009.21 |
| 4/2/14 | 11/1/10 | Restricted Monetary Adjust | 27,203.34 | 0.00 | 0.00 | 27,203.34 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 27,203.34 |
| 4/1/14 | 11/1/10 | Late Charge Adjust | -581.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 0.00 |
| 4/1/14 | 11/1/10 | Loan Prin Bal Set-up | -346,667.12 | -346,667.12 | 0.00 | 0.00 | 0.00 | 0.00 | 346,667.12 | 0.00 | 0.00 | 0.00 |
| 3/17/14 | | Late Charge Adjust | 96.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | |
| 2/6/14 | | PMI/FHA | -133.83 | 0.00 | 0.00 | -133.83 | 0.00 | 0.00 | | | | |
| 1/9/14 | | Hazard Ins | -1,170.00 | 0.00 | 0.00 | -1,170.00 | 0.00 | 0.00 | | | | |
| 1/7/14 | | PMI/FHA | -133.83 | 0.00 | 0.00 | -133.83 | 0.00 | 0.00 | | | | |
| 12/5/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 11/26/13 | | County Tax | -2,772.01 | 0.00 | 0.00 | -2,772.01 | 0.00 | 0.00 | | | | |
| 11/6/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 10/4/13 | | PMI/FHA | -272.52 | 0.00 | 0.00 | -272.52 | 0.00 | 0.00 | | | | |
| 9/6/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 8/6/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 7/5/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 6/28/13 | | County Tax | -2,814.94 | 0.00 | 0.00 | -2,814.94 | 0.00 | 0.00 | | | | |
| 6/17/13 | | Late Charge Adjust | 96.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | |
| 6/6/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 5/6/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 4/4/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 3/6/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 2/6/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 1/10/13 | | Hazard Ins | -1,369.00 | 0.00 | 0.00 | -1,369.00 | 0.00 | 0.00 | | | | |
| 1/7/13 | | PMI/FHA | -136.26 | 0.00 | 0.00 | -136.26 | 0.00 | 0.00 | | | | |
| 12/6/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 12/6/12 | | County Tax | -2,772.01 | 0.00 | 0.00 | -2,772.01 | 0.00 | 0.00 | | | | |
| 11/6/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 10/4/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 9/7/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 8/7/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 7/6/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 7/5/12 | | County Tax | -2,814.93 | 0.00 | 0.00 | -2,814.93 | 0.00 | 0.00 | | | | |
| 6/6/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 5/4/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |



## Payment & Escrow Breakdown

| Tran Date | Due Date | Tran Description | Total Amount | Principal Amt | Interest Amt | Escrow Amt | Suspense Amt | NSF | UPB | Deferred UPB | Escrow Balance | Escrow Advance Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/5/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 3/6/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 2/6/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 1/12/12 | | Hazard Ins | -877.00 | 0.00 | 0.00 | -877.00 | 0.00 | 0.00 | | | | |
| 1/6/12 | | PMI/FHA | -138.57 | 0.00 | 0.00 | -138.57 | 0.00 | 0.00 | | | | |
| 12/9/11 | | County Tax | -3,225.51 | 0.00 | 0.00 | -3,225.51 | 0.00 | 0.00 | | | | |
| 12/6/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 11/4/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 10/6/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 9/7/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 8/4/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 7/8/11 | | County Tax | -3,221.71 | 0.00 | 0.00 | -3,221.71 | 0.00 | 0.00 | | | | |
| 7/7/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 6/6/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 5/5/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 4/6/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 3/4/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 2/7/11 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,687.89 | 419.93 | 1,518.51 | 749.45 | 0.00 | 0.00 | | | | |
| 2/4/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 1/6/11 | | PMI/FHA | -140.75 | 0.00 | 0.00 | -140.75 | 0.00 | 0.00 | | | | |
| 12/22/10 | | Hazard Ins | -850.00 | 0.00 | 0.00 | -850.00 | 0.00 | 0.00 | | | | |
| 12/9/10 | | County Tax | -3,224.05 | 0.00 | 0.00 | -3,224.05 | 0.00 | 0.00 | | | | |
| 12/6/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 11/26/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 418.10 | 1,520.34 | 744.42 | 0.00 | 0.00 | | | | |
| 11/4/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 10/25/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 416.28 | 1,522.16 | 744.42 | 0.00 | 0.00 | | | | |
| 10/6/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 9/7/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 9/2/10 | | Long Form Rev for Returned Check | -2,876.70 | -416.28 | -1,522.16 | -744.42 | 0.00 | 0.00 | | | | |
| 8/27/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,876.70 | 416.28 | 1,522.16 | 744.42 | 0.00 | 0.00 | | | | |
| 8/5/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 7/30/10 | | Predistributed Pmt (e.g. loan closing) / Escrow posting for mods | 96.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | |
| 7/30/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 414.47 | 1,523.97 | 744.42 | 0.00 | -2,682.86 | | | | |
| 7/7/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 7/6/10 | | County Tax | -3,220.21 | 0.00 | 0.00 | -3,220.21 | 0.00 | 0.00 | | | | |
| 6/18/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 412.67 | 1,525.77 | 744.42 | 0.00 | 0.00 | | | | |
| 6/4/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 5/17/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 410.87 | 1,527.57 | 744.42 | 0.00 | 0.00 | | | | |
| 5/6/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 4/16/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 409.08 | 1,529.36 | 744.42 | 0.00 | 0.00 | | | | |
| 4/6/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 3/16/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 407.30 | 1,531.14 | 744.42 | 0.00 | 0.00 | | | | |
| 3/4/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |



## Payment & Escrow Breakdown

| Tran Date | Due Date | Tran Description | Total Amount | Principal Amt | Interest Amt | Escrow Amt | Suspense Amt | NSF | UPB | Deferred UPB | Escrow Balance | Escrow Advance Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/16/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 405.52 | 1,532.92 | 744.42 | 0.00 | 0.00 | | | | |
| 2/4/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 1/15/10 | | Pmt from Lockbox/Cashiering Wk/ACH Pmt | 2,682.86 | 403.21 | 1,535.23 | 744.42 | 0.00 | 0.00 | | | | |
| 1/7/10 | | PMI/FHA | -142.83 | 0.00 | 0.00 | -142.83 | 0.00 | 0.00 | | | | |
| 12/22/09 | | Hazard Ins | -839.00 | 0.00 | 0.00 | -839.00 | 0.00 | 0.00 | | | | |
| 12/21/09 | | Predistributed Pmt (e.g. loan closing) / Escrow posting for mods | -252.45 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | |
| 12/21/09 | | Predistributed Pmt (e.g. loan closing) / Escrow posting for mods | 252.45 | 252.45 | 0.00 | 0.00 | 0.00 | 0.00 | | | | |
| 12/18/09 | | Predistributed Pmt (e.g. loan closing) / Escrow posting for mods | 252.45 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | | | |
| 12/1/09 | | Predistributed Pmt (e.g. loan closing) / Escrow posting for mods | 713.68 | 0.00 | 0.00 | 713.68 | 0.00 | 0.00 | | | | |
| 12/1/09 | | Predistributed Pmt (e.g. loan closing) / Escrow posting for mods | 908.96 | 0.00 | 0.00 | 908.96 | 0.00 | 0.00 | | | | |
| 12/1/09 | | Predistributed Pmt (e.g. loan closing) / Escrow posting for mods | 50.49 | 0.00 | 50.49 | 0.00 | 0.00 | 0.00 | | | | |
| **Total** | | | **-327,270.54** | **-342,297.24** | **15,317.46** | **-7,304.68** | **0.00** | **-2,682.86** | | | | |

## Corporate Advances

| Tran Date | Reason code description | Amount |
|---|---|---|
| 4/18/2019 | BK ATTY. FEES | 250.00 |
| 4/18/2019 | BK ATTY. FEES | 300.00 |
| 4/3/2019 | FC ATTY. FEES | 250.00 |
| 3/14/2019 | OTHER | 506.25 |
| 3/14/2019 | POSTAGE CHRGS | 2.76 |
| 3/14/2019 | POSTAGE CHRGS | 6.93 |
| 3/14/2019 | FC ATTY. FEES | 94.50 |
| 3/8/2019 | BK ATTY. FEES | 350.00 |
| 2/6/2019 | OTHER | 100.00 |
| 2/6/2019 | POSTAGE CHRGS | 30.50 |
| 2/6/2019 | POSTAGE CHRGS | 47.47 |
| 2/6/2019 | FC ATTY. FEES | 560.00 |
| 1/25/2019 | OTHER | 0.00 |
| 1/25/2019 | OTHER | 0.00 |
| 1/25/2019 | OTHER | 0.00 |
| 1/25/2019 | OTHER | 0.00 |
| 1/25/2019 | OTHER | 0.00 |
| 1/25/2019 | OTHER | 0.00 |
| 1/25/2019 | OTHER | 0.00 |
| 1/25/2019 | OTHER | 0.00 |
| 1/25/2019 | OTHER | 0.00 |
| 12/19/2018 | OTHER | 75.00 |
| 12/15/2018 | OTHER | 324.50 |
| 10/31/2018 | FC ATTY. FEES | 602.00 |
| 10/31/2018 | FC ATTY. FEES | 236.00 |
| 10/31/2018 | FC ATTY. FEES | 250.00 |
| 9/18/2018 | FC ATTY. FEES | 126.00 |
| 7/20/2018 | TITLE SEARCH | 350.00 |
| 5/18/2018 | OTHER | (15.00) |
| 5/10/2018 | OTHER | 15.00 |



**Corporate Advances**

| Tran Date | Reason code description | Amount |
|---|---|---|
| 4/19/2018 | FC ATTY. FEES | 250.00 |
| 4/19/2018 | FC ATTY. FEES | 147.50 |
| 4/19/2018 | FC ATTY. FEES | 236.00 |
| 12/19/2017 | FC ATTY. FEES | 250.00 |
| 12/19/2017 | FC ATTY. FEES | 88.50 |
| 12/19/2017 | FC ATTY. FEES | 1,380.50 |
| 12/19/2017 | POSTAGE CHRGS | 15.48 |
| 11/2/2017 | FC ATTY. FEES | 250.00 |
| 6/14/2017 | FC ATTY. FEES | 450.00 |
| 6/14/2017 | POSTAGE CHRGS | 49.52 |
| 6/14/2017 | POSTAGE CHRGS | 90.00 |
| 6/14/2017 | POSTAGE CHRGS | 85.00 |
| 6/14/2017 | POSTAGE CHRGS | 88.40 |
| 5/5/2017 | OTHER | 195.00 |
| 5/5/2017 | POSTAGE CHRGS | 14.41 |
| 5/5/2017 | PROCESS | 183.00 |
| 5/5/2017 | OTHER | 475.00 |
| 5/5/2017 | FC ATTY. FEES | 1,000.00 |
| 5/2/2017 | FC ATTY. FEES | 215.00 |
| 5/2/2017 | POSTAGE CHRGS | 16.98 |
| 3/29/2017 | LTE/UPDTE TITLE | 75.00 |
| 9/28/2016 | FC ATTY. FEES | 750.00 |
| 8/15/2016 | LTE/UPDTE TITLE | 75.00 |
| 3/31/2016 | FC ATTY. FEES | 807.00 |
| 3/31/2016 | FC ATTY. FEES | 500.00 |
| 3/31/2016 | OTHER | 100.00 |
| 3/31/2016 | FC ATTY. FEES | 1,277.50 |
| 3/31/2016 | OTHER | 1,008.40 |
| 3/31/2016 | FC COSTS | 15.00 |
| 3/31/2016 | POSTAGE CHRGS | 68.37 |
| 3/7/2016 | TITLE SEARCH | 350.00 |
| 2/29/2016 | FC ATTY. FEES | 52.50 |
| 12/14/2015 | FC ATTY. FEES | 627.50 |
| 12/14/2015 | POSTAGE CHRGS | 5.27 |
| 12/14/2015 | FC ATTY. FEES | 142.50 |
| 10/15/2015 | POSTAGE CHRGS | 88.65 |
| 10/15/2015 | FC ATTY. FEES | 136.00 |
| 10/15/2015 | POSTAGE CHRGS | 34.81 |
| 3/12/2015 | FC ATTY. FEES | 409.50 |
| 12/31/2014 | FC ATTY. FEES | 840.00 |
| 12/31/2014 | OTHER | 223.00 |
| 12/31/2014 | PROCESS | 183.00 |
| 11/20/2014 | OTHER | 445.00 |
| 11/20/2014 | POSTAGE CHRGS | 17.72 |
| 11/20/2014 | FC ATTY. FEES | 205.00 |
| 8/14/2014 | FC ATTY. FEES | 630.00 |
| 8/14/2014 | POSTAGE CHRGS | 11.22 |
| 8/14/2014 | FC COSTS | 350.00 |

**EXHIBIT "C"**

**Real Property Data Search**

Search Result for FREDERICK COUNTY

| View Map | View GroundRent Redemption | View GroundRent Registration |
| --- | --- | --- |

**Tax Exempt:**        **Special Tax Recapture:**

**Exempt Class:**        NONE

**Account Identifier:**     **District - 03 Account Number -** ▮▮▮▮

### Owner Information

| | | | |
| --- | --- | --- | --- |
| **Owner Name:** | KEENEY TRUMAN RANDALL & KEENEY LESLEE | **Use:** **Principal Residence:** | RESIDENTIAL YES |
| **Mailing Address:** | 8939 HAWBOTTOM RD MIDDLETOWN MD 21769-9310 | **Deed Reference:** | /07628/ 00190 |

### Location & Structure Information

| | | | |
| --- | --- | --- | --- |
| **Premises Address:** | 8939 HAWBOTTOM RD MIDDLETOWN 21769-0000 | **Legal Description:** | LOT 1 SECTION 1 32.39 ACRES PINE RIDGE ESTATES |

| Map: | Grid: | Parcel: | Sub District: | Subdivision: | Section: | Block: | Lot: | Assessment Year: | Plat No: | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 0056 | 0000 | 0575 | | 0000 | 1 | | 1 | 2018 | **Plat Ref:** | 0081/ 0132 |

| Special Tax Areas: | | Town: | | NONE |
| --- | --- | --- | --- | --- |
| | | Ad Valorem: | | 800 |
| | | Tax Class: | | |

| Primary Structure Built | Above Grade Living Area | Finished Basement Area | Property Land Area | County Use |
| --- | --- | --- | --- | --- |
| 1996 | 2,336 SF | 900 SF | 32.3900 AC | 000000 |

| Stories | Basement | Type | Exterior | Full/Half Bath | Garage | Last Major Renovation |
| --- | --- | --- | --- | --- | --- | --- |
| 2 | YES | STANDARD UNIT | FRAME | 3 full | | |

### Value Information

| | Base Value | Value | Phase-in Assessments | |
| --- | --- | --- | --- | --- |
| | | As of 01/01/2018 | As of 07/01/2018 | As of 07/01/2019 |
| **Land:** | 202,100 | 202,100 | | |
| **Improvements** | 273,000 | 268,200 | | |
| **Total:** | 475,100 | 470,300 | 470,300 | 470,300 |
| **Preferential Land:** | 0 | | | 0 |

### Transfer Information

| | | |
| --- | --- | --- |
| **Seller:** KEENEY, TRUMAN RANDALL | **Date:** 12/04/2009 | **Price:** $0 |
| **Type:** NON-ARMS LENGTH OTHER | **Deed1:** /07628/ 00190 | **Deed2:** |
| **Seller:** KEENEY, TRUMAN RANDALL | **Date:** 11/22/2006 | **Price:** $0 |
| **Type:** NON-ARMS LENGTH OTHER | **Deed1:** /06328/ 00583 | **Deed2:** |
| **Seller:** | **Date:** | **Price:** |
| **Type:** | **Deed1:** | **Deed2:** |

### Exemption Information

| Partial Exempt Assessments: | Class | 07/01/2018 | 07/01/2019 |
| --- | --- | --- | --- |
| **County:** | 000 | 0.00 | |
| **State:** | 000 | 0.00 | |
| **Municipal:** | 000 | 0.00|0.00 | 0.00|0.00 |

**Tax Exempt:**        **Special Tax Recapture:**

**Exempt Class:**        NONE

### Homestead Application Information

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Homestead Application Status:** No Application

Homeowners' Tax Credit Application Information

**Homeowners' Tax Credit Application Status:** No Application      **Date:**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| IN RE:<br><br>**Lesley Jeneen Keeney,**<br>*aka Leslee Keeney*<br><br>      **Debtor(s).** | **CHAPTER 13**<br>**CASE NO.: 19-10204** |
| **MTGLQ INVESTORS, L.P.**<br>                         Movant,<br>v.<br><br>**Lesley Jeneen Keeney,**<br>*aka Leslee Keeney*<br><br>      **Debtor(s),**<br><br>**Truman Randall Keeney,**<br><br>      **Co-Debtor(s)**<br><br>**Robert S. Thomas, II,**<br><br>      **Trustee,**<br>                   **Respondents.** | |

## NOTICE OF MOTION SEEKING RELIEF FROM STAY AND CO-DEBTOR STAY
## JULY 16, 2019 AT 10:00 A.M. HEARING THEREON

    **MTGLQ INVESTORS, L.P.** has filed papers with the court seeking relief from the automatic stay of 11 U.S.C. § 362(a) and 1301 to enable it to proceed to enforce its available legal and equitable remedies with regard to the real property located at 8939 HAWBOTTOM RD, MIDDLETOWN, MD 21769.  Your rights may be affected.  You should read these papers carefully and discuss them with your lawyer if you have one on this case.  (If you do not have a lawyer, you may wish to consult one.)

If you do not want the court to grant the motion for relief from stay, or if you want the court to consider your views on the motion, then by **July 5, 2019** you or your lawyer must file a written response with the Clerk of the Bankruptcy Court explaining your position and mail a copy to:

>David A. Rosen
>RAS CRANE LLC
>11900 Parklawn Drive, Suite 310
>Rockville, MD 20852

And to:

>Robert S. Thomas, II
>300 E Joppa Road, Suite 409
>Towson, MD 21286

You will have three (3) additional days to respond if you received the motion via first-class mail.

If you mail rather than deliver, your response to the Clerk of the Bankruptcy Court for filing, you must mail it early enough so that the court will receive it by the date stated above.

The hearing is scheduled for **July 16, 2019**, at **10:00 A.M.** in Courtroom **104**, United States Bankruptcy Court, 129 East Main St., Salisbury, MD 21801.

**IF YOU OR YOUR LAWYER DO NOT TAKE THESE STEPS BY THE DEADLINE, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY GRANT OR OTHERWISE DISPOSE OF THE MOTION BEFORE THE SCHEDULED HEARING DATE.**

DATE: June 21, 2019

>By: /s/ David A. Rosen
>David A. Rosen
>MD Federal Bar No. 14583
>RAS Crane, LLC
>11900 Parklawn Drive, Suite 310
>Rockville, MD 20852
>Phone: (844) 442-2150, ext. 242
>Fax (240) 238-2767
>Email: darosen@rascrane.com
>Attorney for Movant

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 21, 2019, a copy of the Notice of Motion for Relief

from Stay and Hearing Thereon has been served upon the following necessary parties in interest,

via first class mail postage prepaid to:

Lesley Jeneen Keeney
2406 Love Point Rd
Stevensville, MD 21666

Truman Randall Keeney
8939 Hawbottom Rd
Middletown, MD 21769

And via electronic mail to:

Robert S. Thomas, II
300 E Joppa Road, Suite 409
Towson, MD 21286

Morgan William Fisher
Law Offices of Morgan Fisher LLC
1125 West St., Suite 227
Annapolis, MD 21401

Date: 6/21/2019                     By: <u>/s/David A. Rosen</u>
                                    David A. Rosen
                                    MD Federal Bar No. 14583
                                    RAS Crane, LLC
                                    11900 Parklawn Drive, Suite 310
                                    Rockville, MD 20852
                                    Phone: (844) 442-2150, ext. 242
                                    Fax (240) 238-2767
                                    Email: darosen@rascrane.com
                                    Attorney for Movant