IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF MARYLAND
at Baltimore

IN RE: <u>Lesley Keeney</u>                 Case No. <u>19-10204</u>
Debtor.                                            Chapter 13

### CHAPTER 13 PLAN

☐ Original Plan    ☑ Amended Plan    ☐ Modified Plan

**1. GENERAL PLAN PROVISIONS.**

The Debtor proposes the following Chapter 13 Plan and makes the following declarations (mark one of the following boxes that apply for each of 1.1, 1.2, and 1.3. below). *If a box is marked as "does not . . ." or if more than one box is marked in each section, the provision will be ineffective if set out later in the plan.*

    **1.1**    Declaration as to Nonstandard Provisions.

This Plan:    ☐ does not contain nonstandard provisions.
OR          ☑ contains nonstandard provisions set out in Section 9 below.

    **1.2**    Declaration as to Limiting Secured Claims.

This Plan:    ☑ does not limit the amount of a secured claim.
OR
☐ limits the amount of a secured claim based on the value of the collateral securing the claim as set out in Sections 5.1 through 5.4 below

    **1.3**    Declaration as to Avoiding Security Interests

This Plan:    ☑ does not avoid a security interest or lien.
OR          ☐ avoids a security interest or lien as set out in Section 5.1 through 5.4 below.

**2. NOTICES.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

    **2.1**    Notices to Creditors.

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. *The declarations set out in Section 1 above may be of particular importance.*

If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Court may confirm this Plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under the Plan.

    **2.2.**    Notices to Debtors.

This form lists options that may be appropriate in some cases, but not all cases. Just because an option is listed on the form does not mean that it is appropriate for you. Plans contrary to the local rules and Court rulings may not be confirmed.

**3. PLAN TERMS.**

The Debtor's future earnings are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows (mark and complete one of 3.1, 3.2, or 3.3 and/or 3.4 below; and, optionally, 3.5 as applicable):

☐    **3.1.**    Even Monthly Payments.

$ per month for a term of months.

OR

[x]    3.2.    Varying Monthly Payments.

<u>$31,900.99 months 1-20 (LUMP SUM)</u>

<u>$2,125.00 months 21-30</u>

<u>$8,750.00 months 31-60</u>

<u> for a total term of 60 months.</u>

OR

☐ 3.3. **Varying Monthly Payments Before and After Confirmation.**

$____ per month before confirmation of this Plan (use Section 4.6.1 below to list the adequate protection payments to be made before confirmation), and $ per month after confirmation of this plan, for a total term of months.

AND/OR

☐ 3.4. **Additional Payments.**

In addition to monthly Plan payments under 3.1, 3.2, or 3.3, above, the Debtor will make the payments listed below:

| Amount | Date | Source of Payment |
|---|---|---|

☐ 3.5. **Additional Payments of Tax Refunds.**

The Debtor will provide the Trustee with copies of state and federal tax returns for the years listed below within 15 days of filing the returns (and must timely file the returns on or before April 15 of each year).

4. **DISTRIBUTION OF PLAN PAYMENTS.**

From the payments made, the Trustee will make distributions in the order listed below:

4.1 **Trustee's Commission.**

The Trustee will receive the allowed Trustee commission under 11 U.S.C. § 1326(b)(2).

4.2 **Administrative Claims.**

**Next to be paid, except as provided in Section 4.3 below, are administrative claims under 11 U.S.C. § 507(a)(2), including Debtor's Counsel fee balance of (Per Fee Application) due and payable pursuant to a fee arrangement made under Subparagraphs 4.A, B, or C of Appendix F to the Local Bankruptcy Rules. Counsel estimates his pre-confirmation to be $5,500.00.**

4.3 **Domestic Support Obligations and Non-Appendix F Attorney Fees.**

Next to be paid, at the same time and pro rata, are allowed unsecured claims for: (i) domestic support obligations under 11 U.S.C. § 507(a)(1); and (ii) any Debtor's Counsel fee allowed under 11 U.S.C. § 507(a)(2) by Bankruptcy Court order following an application pursuant to a fee arrangement under Section 7 of Appendix F to the Local Bankruptcy Rules. Debtor's Counsel fee balance to be paid through the Plan is expected to be in the amount of $5,500.00.

4.4 **Former Chapter 7 Trustee Claims.**

Next to be paid are any claims payable to the former Chapter 7 Trustee under 11 U.S.C. § 1326(b)(3). List the monthly payment: $___.

4.5 **Priority Claims.**

Next to be paid are other priority claims defined by 11 U.S.C. § 507(a)(3) - (10). List the expected claims below:

| Priority Creditor | Expected Claim Amount |
|---|---|
| Comptroller of Maryland | $3,505.00 |
| Internal Revenue Service | $2,503.20 |

4.6 **Secured Claims.**

Next to be paid, at the same time and pro rata with payments on priority claims under Section 4.5 above, are secured claims as set forth below. The holder of an allowed secured claim retains its lien under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed secured claim listed in the Plan to be paid by the Trustee will be deemed provided for under the Plan. Any allowed secured claim not listed in the Plan to be paid by the Trustee, or not stated to be paid outside of or otherwise addressed in the Plan, will be deemed not provided for under the Plan and will not be discharged.

4.6.1 **Adequate Protection Payments for Claims Secured by or Subject to a Lease of Personal Property.**

Beginning not later than 30 days after the petition date and until the Plan is confirmed, the Debtor will directly pay adequate protection payments for claims secured by or subject to a lease of personal property for: *None* ☑ or the *Claims Listed Below* ☐ (mark <u>one</u> box only). After confirmation of the Plan, the claims will be paid under Section 4.6.3. Make sure to list the amount of the monthly payment the Debtor will pay before confirmation, and list the last 4 digits only of the account number, if any, the lienholder uses to identify the claim:

| Lessor / Lienholder | Property / Collateral | Acct. No.(last 4 numbers) | Monthly Payment |
|---|---|---|---|

    **4.6.2**    **Pre-petition Arrears on Secured Claims.**

Pre-petition arrears on secured claims will be paid through the Plan in equal monthly amounts while the Debtor directly pays post-petition payments beginning with the first payment due after filing the petition for:

☐ *None* or ☑ the *Claims Listed Below* (mark <u>one</u> box only). The claims listed below include: ☐ *Claims Secured by the Debtor's Principal Residence* ☑ and/or *Other Property*.

| Lienholder | Collateral | Arrears | Monthly Payment | No. of Months |
|---|---|---|---|---|
| Selene Finance LP | 8939 Hawbottom Rd. | $273,135.94* | | |

**(Trustee to determine equal monthly payment(s). The Debtor reserves all rights to dispute Selene's proof of claim. The Debtor and Selene are engaged in loss mitigation and the Debtor is attempting to resolve the arrears in a loan modificaiton. The Debtor disputes the arrearage claim asserted by Selene Finance. The Debtor and Selene are attempting to resolve the arrearage claim through loss mitigation. The Debtor will file an objection to Selene Finance's proof of claim on or before December 31, 2020 if loss mitigation is not fruitful.)**

    **4.6.3**    **Secured Claims Paid Through the Plan.**

The following secured claims will be paid through the Plan in equal monthly amounts for:

☑ *None.*

    **4.6.4**    **Surrender Collateral to the Lienholder.**

The Debtor will surrender collateral to the lienholder for:

☑ *None.*

    **4.6.5**    **Secured Claims Outside of the Plan.**

The Debtor will directly pay the secured claims outside of the Plan for:

☐ *None* or ☑ the *Claims Listed Below* (mark <u>one</u> box only). Such claims are deemed provided for under the Plan. The Debtor will also directly pay outside of the Plan the unsecured portion of a claim that is only partially secured, and any such unsecured claim is deemed provided for under the Plan:

| Lienholder | Collateral to be Paid for Outside of the Plan |
|---|---|
| Charlie Pentz Auto Sales | Chevy |

    **4.6.6**    **Secured Claims Not Listed in the Plan.**

The Debtor will directly pay any allowed secured claim not listed in the Plan outside of the Plan. Any such claim will not be discharged.

    **4.6.7**    **Additional Payments on Secured Claims.**

If the Trustee is holding more funds than those needed to make the payments under the Plan for any month, the Trustee may pay amounts larger than those listed in Sections 4.6.2 and 4.6.3 pro rata.

    **4.7**    **Unsecured Claims.**

After payment of all other claims, the remaining funds will be paid on allowed general unsecured claims as follows (mark <u>one</u> box only):

☑ Pro Rata  ☐ 100%  ☐ 100% Plus ___% Interest.

If there is more than one class of unsecured claims, list each class and how it is to be treated:

| Class of Unsecured Creditors | Treatment |
|---|---|
| -NONE- | |

    **5.**    **THE AMOUNT AND VALUATION OF CLAIMS.**

Secured creditors holding claims treated under Section 5 retain their liens until the earlier of: the payment of the underlying debt determined under nonbankruptcy law; or discharge under 11 U.S.C. § 1328; or, if the Debtor cannot receive a discharge as provided in 11 U.S.C. § 1328(f), the notice of Plan completion. If the case is dismissed or converted without completion of the Plan, liens shall also be retained by the holders to the extent recognized under applicable nonbankruptcy law.

5.1     **Valuing a Claim or Avoiding a Lien Under 11 U.S.C. § 506 Through the Plan.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. § 506 through the Plan for:

☑ *None.*

5.2     **Valuing a Claim or Avoiding a Lien Under 11 U.S.C. § 506 by Separate Motion or an Adversary Proceeding.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. § 506 by separate motion or an adversary proceeding for:

☐ *None* or ☑ the *Claims Listed Below* mark <u>one</u> box only). The amount and interest rate of the claim will be set by Court order. Make sure to list the value of the collateral proposed to be paid through the plan plus any interest as determined by the Court in Section 4.6.3 above, as appropriate. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

| <u>Lienholder</u> | <u>Collateral</u> |
|---|---|

5.3     **Valuing a Claim or Avoiding a Lien Under 11 U.S.C. § 522(f)* Through the Plan.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. § 522(f)* through the Plan for:

☑ *None.*

5.4     **Valuing a Claim or Avoiding a Lien Under 11 U.S.C. § 522(f)* by Separate Motion or an Adversary Proceeding.**

The Debtor seeks to value a claim or avoid a lien under 11 U.S.C. § 522(f)* by separate motion or an adversary proceeding for:

☑ *None* or ☐ the *Claims Listed Below* mark <u>one</u> box only). The amount and interest rate of the claim will be set by Court order. Make sure to list the value of the collateral proposed to be paid through the Plan plus any interest as determined by the Court in Section 4.6.3 above, as appropriate. A proof of claim must be filed before the Trustee makes payments. Any undersecured portion of such claim shall be treated as unsecured.

| <u>Lienholder</u> | <u>Collateral</u> |
|---|---|

*Under 11 U.S.C. § 522(f) the Debtor may avoid a lien to the extent it impairs an exemption if the lien is a judicial lien or a nonpossessory, non-purchase money security interest in certain property.

5.5     **Claims Excluded from 11 U.S.C § 506**.**

The Debtor will pay through the Plan the following claims excluded from 11 U.S.C. § 506** in full plus any interest for:

☑ *None.*

6. **APPLICATION OF PAYMENTS ON ACCOUNT OF SECURED CLAIMS.**

Payments made by the Chapter 13 Trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments under the Plan, the loan will be deemed current through the petition date.

7. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

Any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the Plan, is deemed rejected and the stay of 11 U.S.C §§ 362 and 1301 is automatically terminated with respect to such property. The following executory contracts and/or unexpired leases are assumed or rejected for:

☑ *None.*

8. **REVESTING PROPERTY OF THE ESTATE**

Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §

1328; or, if the Debtor cannot receive a discharge as provided in 11 U.S.C. § 1328(f), upon the notice of Plan completion; or upon dismissal of the case.

**9.   NON-STANDARD PROVISIONS.**

Any non-standard provision placed elsewhere in the Plan is void. Any and all non- standard provisions are: ☑
*None* or ☐ L*isted Below* (mark <u>one</u> box only).

The Debtor disputes the arrearage claim asserted by Selene Finance. The Debtor and Selene are attempting to resolve the arrearage claim through loss mitigation. The Debtor will file an objection to Selene Finance's proof of claim on or before December 31, 2020 if loss mitigation is not fruitful.

<u>Non-Standard Plan Provisions</u>

**10.   SIGNATURES.**

The Debtor's signature below certifies that the Plan provisions above are all the terms proposed by the Debtor, and the Debtor has read all the terms and understands them. The signature below of the Debtor and Debtor's Counsel, if any, also certifies that the Plan contains no non-standard provision other than those set out in Section 9 above.

Date: 07/09/2020

<u>Morgan Fisher</u>
Attorney for Debtor

<u>/s/ Lesley Keeney</u>
Debtor

Joint Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:  :
　　:
Lesley Jeneen Keeney,  : Case No. 19-10204
　　: Chapter 13
　　　　Debtor.　　:
　　:

CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

*Select Section 1, A,B, or C, and complete Sections 2 and 3 if applicable, even if Section 1(A) is selected.*

1.　　(Select A, B, or C):

☐　　A.　　This is an original plan, filed concurrently with the Petition, which will be mailed by the Clerk to all creditors on the Matrix.　[*THIS OPTION MAY ONLY BE USED WHEN THE PLAN IS FILED WITH THE PETITION*]

☐　　B.　　AMENDED PLANS ONLY INCREASING PAYMENTS:　The Amended Chapter 13 Plan __ filed herewith / __ filed on _____, 20__, makes no changes from the last previously-filed plan other than to increase the amount payable under the plan.　In such event, no service is required.

☒　　C.　　OTHER PLANS:　This is to certify that on 07/16/2020, I caused the Chapter 13 Plan ☒ filed herewith / __ filed on _____, 20__, to be mailed by first class mail, postage prepaid, to all addresses on the attached matrix or list.　(If any parties on the matrix were served by CM/ECF instead of by mail, so indicate on the matrix with the email address served as indicated on the CM/ECF Notice of Electronic Filing).

**AND**

2.　　*Check and complete this Section and Section 3 if liens are proposed to be valued or avoided through the Plan.*

　　__ I caused the Chapter 13 Plan __ filed herewith / __ filed on _____, 20__, to be served pursuant to Bankruptcy Rule 7004 on the following creditor whose lien is proposed to be impacted by the Plan (and not by separate motion) under Plan Paragraph 5.1 or 5.3. State address served and method of service.　See Bankruptcy Rule 7004(h) if the party served is an insured depository institution.　Attach separate sheets or repeat this paragraph for each such creditor served.

**Local Bankruptcy Form M-1**
**Page 2**

_____
Name of Creditor

_____   _____
Name served                        Capacity (Resident Agent, Officer, etc.)

_____
Address

_____
City, State, ZIP

Method of Service: _____

Date Served: _____

**AND** Select A or B:

A.     ___ A proof of claim has been filed with respect to the lien or claim at issue prior to service of the Plan. I also mailed a copy of the Plan and supporting documents under Section 3 below to the claimant at the name and address where notices should be sent as shown on the proof of claim.

B.     ___ No proof of claim has been filed for the lien or claim at issue.

3.   ___ Along with each copy of the Plan served under Section 2, I included copies of documentation supporting Debtor's entitlement to the relief sought in Plan Paragraph 5.1 or 5.3 with respect to that creditor (for example, documents establishing the value of the property and the amount of any prior liens and the lien at issue), which I have also filed with the Court as a supplement to the Plan.  *This supplemental material need not be served with the plan on all creditors, only on affected secured creditors.*

   ___ This is an amended Plan and the documentation supporting Debtor's entitlement to the relief sought in Plan Paragraph 5.1 or 5.3 has been previously served and filed as ECF docket entry ____.

I hereby certify that the foregoing is true and correct.

Dated: 07/16/2020

                                        */s/ Morgan W. Fisher*
                                        Debtor, Counsel for Debtor, or other
                                        Person effecting service

**Local Bankruptcy Form M-1**
**Page 2**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0416-1<br>Case 19-10204<br>District of Maryland<br>Baltimore<br>Wed Jul 31 22:35:56 EDT 2019 | MTGLQ INVESTORS, L.P.<br>RAS Crane, LLC<br>10700 Abbotts Bridge Road, Suite 170<br>Duluth, GA 30097-8461 | Orion<br>Valerie Smith<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Baltimore<br>Baltimore Division<br>101 West Lombard Street, Ste. 8530<br>Baltimore, MD 21201-2605 | AC & T Co Inc<br>4328 Montgomery Ave<br>Bethesda, MD 20814-4402 | Adam Wilk<br>10615 Judicial Drive, #303<br>Fairfax, VA 22030-7500 |
| American Medical Collections<br>4 Westchester Plaza<br>Elmsford, NY 10523-1615 | Ashley Funding Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Bay Area Receivables<br>714 Eastern Shore Dr.<br>Salisbury, MD 21804-5953 |
| Capital Accounts<br>PO Box 140065<br>Nashville, TN 37214-0065 | Charlie Pentz Auto Sales<br>7485 Anthony Hwy<br>Waynesboro, PA 17268-8913 | Chase Card<br>PO Box 15298<br>Wilmington, DE 19850-5298 |
| Comcast<br>1701 JFK Blvd.<br>Philadelphia, PA 19103-2899 | Commonwealth Finance<br>245 Main St.<br>Scranton, PA 18519-1641 | Comptroller of Maryland<br>110 Carroll St<br>Annapolis, MD 21411-0001 |
| Comptroller of the Treasury<br>Compliance Division, Room 409<br>301 W. Preston Street<br>Baltimore, MD 21201-2305 | Credit Collections Services<br>725 Canton St<br>Norwood, MA 02062-2679 | Credit Collections/USA<br>16 Distributors Dr.<br>STE 1<br>Morgantown, WV 26501-7209 |
| Credit Management Company<br>PO Box 16346<br>Pittsburgh, PA 15242-0346 | FEDERAL PACIFIC CREDIT CO<br>P.O. BOX 27198<br>SALT LAKE CITY, UT 84127-0198 | Frederick Memorial Health<br>400 W 7th St, F<br>Frederick, MD 21701-4593 |
| Hagerstown Heart<br>1733 Howell Road<br>Hagerstown, MD 21740-6638 | Herbert Thaler<br>201 N. Charles St.<br>Suite 2302<br>Baltimore, MD 21201-4197 | Hofmeister, Breza & Leavers<br>11019 McCormick Road<br>Suite 400<br>Hunt Valley, MD 21031-1407 |
| IRS<br>Centralized Insolvency Operation<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 | Labcorp<br>531 South Spring Street<br>Burlington, NC 27215-5866 | MERITUS MEDICAL CENETER<br>P.O. BOX 9156<br>Alexandria, VA 22304-0156 |
| MTGLQ INVESTORS, L.P.<br>C/O Selene Finance, L.P.<br>9990 Richmond Ave, Suite 400 South<br>Houston, TX 77042-4546 | Michael Anderson DDS<br>c/o Robinson & Robinson<br>152 West Washington Street<br>Hagerstown, MD 21740-4710 | Middletown Valley Dentistry<br>807 E Main St,<br>Middletown, MD 21769-7722 |

| | | |
|---|---|---|
| OCEAN CITY MD LLC<br>11551 COASTAL HWY ST 4<br>Ocean City, MD 21842 | Online Information Services<br>PO Box 1489<br>Winterville, NC 28590-1489 | PENINSULA REGIONAL MEDICAL CENTER<br>100 E CARROLL STREET<br>Salisbury, MD 21801-5493 |
| Peninsula Cardiology<br>400 Eastern Shore Dr<br>Salisbury, MD 21804-5513 | Pinnacle Credit Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Queen Anne's County Finance Office<br>Attn: Real Estate Tax Department<br>107 N. Liberty Street<br>Centreville, MD 21617-1048 | Radiology Associates of Frederick<br>400 W 7th St<br>Frederick Memorial Hospital<br>Frederick, MD 21701-4593 | Robert Smith<br>6500 Seven Locks Road<br>Unit 210<br>Cabin John, MD 20818-1300 |
| SW Credit Systems LP<br>4120 International Pdwy<br>STE 1100<br>Carrollton, TX 75007-1958 | Selene Finance<br>9990 Richmond Ave<br>Suite 400 South<br>Houston, TX 77042-4546 | State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 |
| Trident Assets Management<br>53 Perimeter Center East<br>Suite 440<br>Atlanta, GA 30346-2230 | Trojan Professional Services<br>PO Box 1270<br>Los Alamitos, CA 90720-1270 | US Department of Education<br>PO BOX 16448<br>St. Paul, MN 55116-0448 |
| US Dept. of Education<br>PO Box 5609<br>Greenville, TX 75403-5609 | Valley Veterinary Hospital<br>4315 Old National Pike<br>Middletown, MD 21769-7700 | Lesley Jeneen Keeney<br>2406 Love Point Rd<br>Stevensville, MD 21666-2056 |
| Morgan William Fisher<br>Law Offices of Morgan Fisher LLC<br>1125 West St., Suite 227<br>Annapolis, MD 21401-3607 | Robert S. Thomas II<br>300 E Joppa Road, Suite 409<br>Towson, MD 21286-3005 | |

**The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).**

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, VA 23541

**The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.**